[Cite as *State v. Montgomery*, 2014-Ohio-4108.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY


STATE OF OHIO

        Plaintiff-Appellee

v.

RODERICK T. MONTGOMERY

        Defendant-Appellant


Appellate Case No. 26014

Trial Court Case No. 10-CR-4099/3

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of September, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

RODERICK T. MONTGOMERY, A-665-660, Warren Correctional Institution, Post Office Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.


        {¶ 1}    Defendant-appellant Roderick Montgomery appeals from a judgment overruling

his petition for postconviction relief. Montgomery contends that the trial court abused its discretion by overruling his petition despite evidence of jurors sleeping during his trial. He also contends that the trial court failed to make the necessary findings of fact and conclusions of law in its decision denying the petition.

{¶ 2} We conclude that the trial court did not abuse its discretion in overruling Montgomery's petition. We also conclude that the trial court made the necessary findings of fact and conclusions of law. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} Following a jury trial, Roderick T. Montgomery was convicted on six counts of Aggravated Murder, six counts of Murder, two counts of Aggravated Robbery, two counts of Kidnapping, two counts of Felonious Assault, and two counts of Aggravated Burglary. The trial court merged the convictions into one count of Aggravated Murder, one count of Aggravated Burglary, and two counts of Aggravated Robbery. Montgomery was sentenced to a total prison term of 31 years to life.

{¶ 4} Montgomery appealed from his conviction and sentence. We affirmed. *State v. Montgomery*, 2d Dist. Montgomery No. 25277, 2013-Ohio-4509. Montgomery moved to reopen his direct appeal pursuant to App.R. 26(B). We overruled the motion.

{¶ 5} While his direct appeal was pending, Montgomery filed a petition for postconviction relief. Montgomery asked the trial court to vacate his convictions, contending that two jurors were sleeping during his trial, which violated his constitutional right to a fair and impartial jury and his constitutional right to the effective assistance of trial counsel. The State

moved for summary dismissal of Montgomery's petition, but the trial court overruled the motion and granted Montgomery an evidentiary hearing. Nine witnesses testified at the hearing. Ultimately, the trial court denied the petition. Montgomery appeals from the judgment denying his petition for postconviction relief.

## II. The Trial Court Did Not Abuse Its Discretion
## by Denying Montgomery's Petition

{¶ 6} Montgomery's First Assignment of Error states:

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF BASED UPON EVIDENCE THAT JURORS WERE SLEEPING.

{¶ 7} R.C. 2953.21(A)(1)(a), provides, in part:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 8} "In reviewing a trial court's determination on a petition for postconviction relief, the reviewing court uses an abuse of discretion standard." *State v. Perkins*, 2d Dist.

Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 9} In his petition for post conviction relief, Montgomery contended that he was denied his constitutional right to a fair and impartial jury when jurors were sleeping during his trial. Montgomery alleged a form of juror misconduct. "[U]nder Crim.R. 33(A), juror misconduct justifies a new trial only if it materially affected an accused's substantial rights." *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶ 45. The burden is on the party alleging juror misconduct to establish prejudice. *Id.* at ¶ 42, citing *Smith v. Phillips*, 455 U.S. 209, 215-217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

{¶ 10} The trial court held an evidentiary hearing on Montgomery's petition. Nine witnesses testified during the hearing. In its decision denying Montgomery's petition, the trial court summarized the testimony and evidence relating to Montgomery's petition. The trial court then concluded, in part:

> It is fundamental that Montgomery bears the burden of proving the grounds for post-conviction relief pursuant to R.C. 2953.21(A)(1)(a). Shinell Crowder, the petitioner's aunt, testified that juror number four was dozing for three to four minutes while the young boy provided his testimony. The State's witnesses testified that the young boy, Dajaun Jones, testified on the second day of trial, the day Crowder testified she was absent from the trial. She also testified that one juror slept for a good seven or eight minutes during closing argument.

Her testimony contradicted that of Jeff Gramza who saw two jurors with their eyes closed for at least two minutes. It is also unclear whether the alleged sleeping took place during the State's oral argument or that of the defense. Both Crowder and Gramza acknowledged that some close their eyes to concentrate. The defendant himself acknowledged he has closed his eyes without being asleep, and the only way to know is to ask the juror involved.

All of the State's witnesses noted that the trial was a short one and was one with riveting testimony concerning the home invasion and murder. Judge O'Connell testified that the energy level and tension were pretty high during closing arguments and he doubted a juror could sleep seven to eight minutes during that portion of the trial. The State bears the burden of proof at trial and would not benefit from the inattention of any juror.

This Court conducted a thorough hearing regarding Montgomery's allegation of juror misconduct. The court finds that the State's witnesses were more credible than that of the defense. Jeffrey Gramza is an honorable lawyer. He admitted he could not say for sure that a juror was sleeping when her eyes were closed. The petitioner has failed to meet his burden of persuasion that two jurors slept during portions of his trial. Having found that petitioner's rights to due process were not denied, his claim of ineffective assistance of counsel necessarily fails. Montgomery's petition to vacate his conviction pursuant to R.C. 2953.21 is denied.

Dkt. 50, p. 6-7.

**{¶ 11}** The trial court conducted a thorough evidentiary hearing. Ultimately, the trial court credited the State's witnesses over Montgomery's witnesses. The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

**{¶ 12}** According to Montgomery, his trial counsel noticed that two of the jurors had their eyes closed and discussed this fact with Montgomery prior to the close of the trial. In *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, we held that a defendant's petition for post conviction relief must fail when the defendant had knowledge during his trial of juror misconduct, but failed to raise the misconduct at the trial level or in his direct appeal. We stated:

> In the second instance of alleged juror misconduct, a juror allegedly fell asleep during the trial. To support his claim, Perkins submitted the affidavit of Sheree Prewitt along with his own affidavit adopting the entire statement of facts from his postconviction petition. In his affidavit, Perkins claims to have learned about the sleeping juror from Wells. If a juror would have been sleeping during the trial, it should have been noticed by the attorneys or the trial court, and raised at that time. The purpose of raising the issue during the trial itself is that the trial court has significant discretion in how it resolves an incident with a sleeping juror. * * * In addition, to demonstrate prejudice, Perkins needed to assert the exact

testimony that the sleeping juror missed. * * * Finally, if Perkins had knowledge of the alleged juror misconduct during trial, he is precluded from raising this issue under the doctrine of res judicata, since he could have raised this issue in his direct appeal.

(Citations omitted.) *Perkins* at ¶ 27.

{¶ 13} Montgomery argues that his trial counsel was ineffective for having failed to bring to the trial court's attention, during the original trial, the issue of the sleeping jurors. But in its decision denying Montgomery's petition for post-conviction relief, the trial court found that there were no sleeping jurors, which finding is equally dispositive of the ineffective assistance of counsel argument.

{¶ 14} Based on the record before us, we conclude that the trial court did not abuse its discretion by denying Montgomery's petition for postconviction relief. Montgomery's First Assignment of Error is overruled.

### III. The Trial Court Made the Necessary Findings
### of Fact and Conclusions of Law

{¶ 15} Montgomery's Second Assignment of Error states:

THE TRIAL COURT FAILED TO MAKE PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW, THUS DENYING APPELLANT DUE PROCESS IN POST-CONVICTION PROCEEDINGS.

{¶ 16} R.C. 2953.21 requires the trial court to make findings of fact and conclusions of law if it dismisses or denies the petition for postconviction relief. R.C. 2953.21(C), (G). "A

trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 714 N.E.2d 905 (1999). Rather, a trial court "issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.* at 292.

{¶ 17} In its written decision, the trial court reviewed the testimony received at the evidentiary hearing on Montgomery's petition. The trial court then made findings of fact and conclusions of law that are comprehensive and pertinent to the issues presented and that demonstrate the basis for the decision by the trial court. *Id.* The trial court's findings are supported by the evidence of record. *Id.* The trial court was not required to specifically title its decision "Findings of Fact and Conclusions of Law."

{¶ 18} Montgomery's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 19} Both of Montgomery's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps

Roderick T. Montgomery
Hon. James A. Brogan
(sitting for Judge Timothy N. O'Connell)